**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| JAMES MOLLER,<br><br>Plaintiff,<br>vs.<br><br>TYSON FOODS, INC., a foreign corporation doing business in Iowa as TYSON DELI, INC., and TYSON DELI, INC.,<br><br>Defendants. | No. C 14-4056-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION TO REMAND AND DEFENDANTS' MOTION TO DISMISS** |
| CAROL LORENZ,<br><br>Plaintiff,<br>vs.<br><br>TYSON FOODS, INC., a foreign corporation doing business in Iowa as TYSON DELI, INC., and TYSON DELI, INC.,<br><br>Defendants. | No. C 14-4057-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION TO REMAND AND DEFENDANTS' MOTION TO DISMISS** |
| WILLIAM RAVELING,<br><br>Plaintiff,<br>vs.<br><br>TYSON FOODS, INC., a foreign corporation doing business in Iowa as TYSON DELI, INC., and TYSON DELI, INC.,<br><br>Defendants. | No. C 14-4058-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION TO REMAND AND DEFENDANTS' MOTION TO DISMISS** |

| ROBERT SOLKO, | No. C 14-4059-MWB |
|---|---|
| Plaintiff, vs. TYSON FOODS, INC., a foreign corporation doing business in Iowa as TYSON DELI, INC., and TYSON DELI, INC., Defendants. | **MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION TO REMAND AND DEFENDANTS' MOTION TO DISMISS** |

_____

These separate cases, which I will call, collectively, "The Tyson Age Discrimination Cases," were filed by the same counsel on June 3, 2014, in the Iowa District Court in and for Cherokee County, as an action against Tyson Foods, Inc., alleging age discrimination, in violation of the federal Age Discrimination In Employment Act (ADEA), 29 U.S.C. § 623(a)(1), and the Iowa Civil Rights Act (ICRA), IOWA CODE § 216.6(1)(a). In each case, the plaintiff filed an Amended Complaint on June 19, 2014, adding an allegation that Tyson Foods, Inc., was "doing business as" Tyson Deli, Inc., and also adding Tyson Deli, Inc., as a second defendant, but not amending the allegations of age discrimination in violation of federal and state laws.

On July 10, 2014, Tyson Foods, Inc., and Tyson Deli, Inc., collectively "Tyson," removed each of these actions to this federal court on two grounds: (1) federal question jurisdiction, pursuant to 28 U.S.C. § 1331, over the ADEA claims; and (2) diversity jurisdiction and sufficient amount in controversy, pursuant to 28 U.S.C. § 1332. On July 17, 2014, Tyson filed a Motion To Dismiss in each case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. None of the plaintiffs filed a timely response to Tyson's Motion To Dismiss in his or her case. Instead, on July 30, 2014, each plaintiff filed a "Resistance To Defendants [sic] Notice Of Removal," which I construed as a

"Motion To Remand To State Court." On August 11, 2014, Tyson filed in each case a Resistance To Plaintiff's Motion To Remand. These motions are now ripe for disposition.

I will consider the plaintiffs' Motions To Remand To State Court, first, because, if this court does not have subject matter jurisdiction on removal, I should not rule on Tyson's Motions To Dismiss pursuant to Rule 12(b)(6). The sum and substance of each plaintiff's Motion To Remand To State Court is the following: "The Plaintiff states that his provable damages are less than $75,000.00." This assertion simply does not challenge removal based on "federal question" jurisdiction—one of the *two* bases on which Tyson removed these cases—because "federal question" jurisdiction has no "amount in controversy" requirement. *See* 28 U.S.C. § 1331. Each plaintiff's ADEA claim provides a proper basis for "federal question" jurisdiction. It also provides a proper basis for removal of that plaintiff's *entire* action to this federal court, pursuant to 28 U.S.C. § 1441(c), because each plaintiff's ICRA claim is within this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367. *See, e.g., Arnold Crossroads, L.L.C. v. Gander Mountain Co.*, 751 F.3d 935, 939-40 (explaining that § 1441(c) allows removal of "the entire action"); *see also Roberts v. USCC Payroll Corp.*, No. C07–3071–MWB, 2009 WL 88563, *7 (N.D. Iowa Jan. 13, 2009) (holding that a federal court has supplemental jurisdiction pursuant to § 1367 over age discrimination claims under the ICRA that are based on the same allegations as the plaintiff's ADEA claims, because those claims all arise from a common nucleus of operative fact).

Indeed, even if the sole basis for federal subject matter jurisdiction on removal in these cases was "diversity," which does depend, in part, on the "amount in controversy," *see* 28 U.S.C. § 1332, the plaintiffs' Motions To Remand To State Court would also fail. In *Salton v. Polycock*, 764 F. Supp. 2d 1033 (N.D. Iowa 2011), I reiterated the principles applicable to a motion to remand an action removed on the basis of "diversity"

3

jurisdiction, where, as here, the amount in controversy cannot be pleaded pursuant to state court rules. 764 F. Supp. 2d at 1035–36 (citing, *inter alia, McCorkindale v. American Home Assur. Co./A.I.C.*, 909 F. Supp. 646, 650–53 (N.D. Iowa 1995)). In *Salton*, I explained, *inter alia*, that, "where a plaintiff's state court complaint does not specify a specific amount of damages, post removal stipulations indicating that the value of the claim at the time of removal did not exceed the jurisdictional minimum [a]re permissible." *Id*. at 1036 (citing *Halsne v. Liberty Mut. Group*, 40 F. Supp. 2d 1087, 1092 (N.D. Iowa 1999)). The Eighth Circuit Court of Appeals has since recognized that a stipulation as to the amount in controversy is binding, on the ground of judicial estoppel, and warrants remand to state court. *See Rolwing v. Nestle Holdings, Inc.*, 666 F.3d 1069, 1071–73 (8th Cir. 2012). Here, however, the plaintiffs' bald "statements" that their provable damages do not exceed the jurisdictional amount are not "stipulations," nor do they address the value of the claim at the time of removal. *Salton*, 764 F. Supp. 2d at 1036.

Each plaintiff's Motion To Remand To State Court is denied.

The denial of each plaintiff's Motion To Remand To State Court clears the way for me to consider Tyson's Motion To Dismiss each Amended Complaint for failure to state a claim upon which relief can be granted. In paragraphs 3 and 4 of each plaintiff's complaint, each plaintiff alleges the following: (1) that he or she was subjected to some adverse circumstance or employment action—a "hostile work environment," "wrongful discipline and termination," "termination for 'not working up to standard,'" or being "told to resign or be terminated for an incident that took place during his shift," respectively; (2) that the reason for the adverse action was to bring about the employee's termination (Moller) or was "pretextual" (all other plaintiffs); and (3) that the plaintiff's

age was a contributing factor and/or the factor in Tyson's conduct.[1] Tyson argues, in essence, that such conclusory allegations, essentially devoid of any supporting factual

---

[1] More specifically, plaintiff Moller alleges the following:

> 3. . . . Preceding May 5, 2013, the Defendant maintained a "hostile work environment". That said environment had a detrimental effect on [Moller] both physically and mentally to the extent that [Moller] had no choice but to separate from his employment on May 5, 2013.
>
> 4. That Defendant's reason for maintaining a "hostile work environment" was to bring about [Moller's] separation from employment because of [Moller's] age. That [Moller's] age was a contributing factor and/or the factor in causing the Defendant to maintain the "hostile work environment". . . .

Plaintiff Lorenz alleges the following:

> 3. . . . During her employment [Lorenz] was the subject of adverse employment actions involving wrongful disciplines and termination (this took place on or about December 6, 2012).
>
> 4. The reason for [Lorenz's] termination was "pretextual." [Lorenz's] age was a contributing factor and/or the factor resulting in [her] termination. . . .

Plaintiff Raveling alleges the following:

> 3. . . . On or about February 19, 2013, [Raveling] was terminated for "not working up to standard".
>
> 4. The reason for [Raveling's] termination was "pretextual". [Raveling's] age was a contributing factor and/or the factor resulting in [Raveling's] termination. . . .

Plaintiff Solko alleges the following:

allegations, fall well short of pleading claims for relief that are plausible on their face. As noted, above, the plaintiffs have not responded at all to Tyson's arguments for dismissal of their claims.

Because the plaintiffs have failed to respond to Tyson's Motions To Dismiss within the time provided by applicable local rules, "the motion[s] may be granted without notice." *See* N.D. IA. L.R. 7(f). Indeed, such failure to prosecute these actions, where more than 30 days have elapsed since each plaintiff's response to Tyson's Motion To Dismiss was due in each case and where no extension of time to respond has been requested, would warrant involuntary dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and N.D. IA. L.R. 41(b)(4). I am reluctant to grant Tyson's Motion To Dismiss *without leave to amend* based upon each plaintiff's first failure to respond to a motion within the time provided by the local rules, however. Rather, I find it appropriate to consider whether each plaintiff's claims would also be subject to dismissal on the Rule 12(b)(6) grounds asserted by Tyson as part of my calculus of whether any plaintiff's Amended Complaint should be dismissed with or without leave to amend.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). As the Eighth Circuit Court of Appeals has explained,

---

> 3. . . . On or about November 23, 2012, [Solko] was told to resign or be terminated for an incident that took place during his shift. That as a result of Defendant's ultimatum [Solko] resigned.
>
> 4. The reason for [Solko's] forced separation from employment was "pretextual". [Solko's] age was a contributing factor and/or the factor in [sic] resulting in [Solko's] separation from the company. . . .

6

> We review de novo the district court's grant of a motion to dismiss, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in favor of the nonmoving party. *See Palmer v. Ill. Farmers Ins. Co.*, 666 F.3d 1081, 1083 (8th Cir. 2012); *see also* Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012); *accord Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436, 438 (8th Cir. 2013) (quoting *Richter*, 686 F.3d at 850); *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (stating the same standards).

Courts consider "plausibility" under this *Twom-bal* standard[2] by "'draw[ing] on [their own] judicial experience and common sense.'" *Whitney*, 700 F.3d at 1128 (quoting *Iqbal*, 556 U.S. at 679). Also, courts must "'review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.'" *Id.* (quoting *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010)). The Eighth Circuit Court of Appeals has refused, at the pleading stage, "to incorporate some general and formal level of evidentiary proof into the 'plausibility' requirement of Iqbal and

---

[2] The "*Twom-bal*" standard is my nickname for the "plausibility" pleading standard established in the United States Supreme Court's twin decisions on pleading requirements, and standards for dismissal for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for claims in federal court. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Twombly." *Id*. Nevertheless, the question "is not whether [the pleader] might at some later stage be able to prove [facts alleged]; the question is whether [it] has adequately asserted facts (as contrasted with naked legal conclusions) to support [its] claims." *Id*. at 1129. Thus,

> [w]hile this court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party," *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000), "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting [*Bell Atl. Corp. v.*] *Twombly*, 550 U.S. [544,] 555, 127 S.Ct. 1955 [(2007)]).

*Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012); *Whitney*, 700 F.3d at 1128 (stating the same standards).[3]

Various federal Circuit Courts of Appeals have expressly recognized that, in addition to dismissal for factual implausibility, the *Twom-bal* standard still permits

---

[3] In assessing "plausibility," as required under the *Twom-bal* standard, the Eighth Circuit Court of Appeals has explained that courts "consider[ ] only the materials that are 'necessarily embraced by the pleadings and exhibits attached to the complaint,'" *Whitney*, 700 F.3d at 1128 (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003)), and "'materials that are part of the public record or do not contradict the complaint.'" *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999), and citing *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011)). A more complete list of the matters outside of the pleadings that the court may consider, without converting a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment, pursuant to Rule 12(d), includes "'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned.'" *Miller*, 688 F.3d at 931 n.3 (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)). Neither Tyson nor the various plaintiffs submitted any materials outside of the pleadings here, however.

dismissal pursuant to Rule 12(b)(6) of a claim that lacks a cognizable legal theory. *See, e.g., Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir. 2013) (a claim may be dismissed if it is based on an "indisputably meritless legal theory"); *Commonwealth Property Advocates, L.L.C. v. Mortgage Electronic Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011) ("Dismissal is appropriate if the law simply affords no relief."); *see also Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013) (recognizing that a claim must plead sufficient facts under a "viable legal theory"). The Eighth Circuit Court of Appeals has suggested the same. *See Brown v. Mortgage Electronic Registration Sys., Inc.*, 738 F.3d 926, 933 n.7, 934 (8th Cir. 2013) (noting the appellate court's agreement "with the district court's sound reasoning that the facts pled do not state a cognizable claim under Arkansas law" and holding that dismissal pursuant to Rule 12(b)(6) was appropriate, because Arkansas law did not impose the purported duty on which an unjust enrichment claim and a state statutory claim were based).

I will apply these standards in deciding whether to grant Tyson's Motions To Dismiss on the merits, as well as for failure of the plaintiffs to respond.

Here, both the ADEA and the ICRA provide a sound legal basis for the plaintiffs' age discrimination claims, assuming that they are otherwise adequately pleaded, so that they are not subject to dismissal for lack of a cognizable legal theory. *See Brown*, 738 F.3d at 933 n.7; *Somers*, 729 F.3d at 959; *Ball*, 726 F.3d at 469, *Commonwealth Property Advocates*, 680 F.3d at 1202. What is woefully inadequate here is the pleading of any adequate factual basis that makes the plaintiffs' age discrimination claims *plausible*, as required to survive dismissal under the *Twom-bal* standard. *See Freitas*, 703 F.3d at 438; *Whitney*, 700 F.3d at 1128; *Richter*, 686 F.3d at 850. One specific failure is the lack of any pleadings of *facts* that would plausibly suggest adverse actions

or circumstances were *because of each plaintiff's age*,[4] even if some plaintiffs may have adequately pleaded *facts* suggesting adverse actions or circumstances. *See, e.g., Holmes v. Trinity Health*, 729 F.3d 817, 822 (8th Cir. 2013) ("To establish a prima facie case [of age discrimination under the ADEA], [a plaintiff] [i]s required to show she: '(1) was at least forty years old, (2) suffered an adverse employment action, (3) was meeting [her] employer's legitimate expectations at the time of the adverse employment action, and (4) was replaced by someone substantially younger.'" (quoting *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 856 (8th Cir.), *cert. denied*, --- U.S. ----, 133 S.Ct. 313 (2012), with internal quotations omitted)). Plaintiff Moller has pleaded no *facts* from which one could plausibly conclude that the working environment to which he was subjected was "hostile," let alone that such "hostility" was because of his age; plaintiff Lorenz has pleaded no *facts* from which one could plausibly conclude that the disciplinary action against her was "wrongful" or was a "pretext" for *age* discrimination; plaintiff Raveling has pleaded no *facts* from which one could plausibly conclude that a charge of "not working up to standard" was a "pretext" for *age* discrimination; and plaintiff Solko has

---

[4] As the Eighth Circuit Court of Appeals recently explained,

> [T]he Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a)(1), and the Iowa Civil Rights Act (ICRA), Iowa Code § 216.6(1)(a) . . . provide a right of action for an employee who is terminated "because of" his age. 29 U.S.C. § 623(a)(1); Iowa Code § 216.6(1)(a). The statutes require slightly different showings of causation, *compare Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 178, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009) (ADEA plaintiff must show that age discrimination was a "but[ ] for" cause of his termination) *with DeBoom v. Raining Rose, Inc.*, 772 N.W.2d 1, 13 (Iowa 2009) (ICRA plaintiff need only show that age discrimination was a "motivating factor").

*Ridout v. JBS USA, L.L.C.*, 716 F.3d 1079, 1083 (8th Cir. 2013).

pleaded no *facts* from which one could plausibly conclude that a demand that he "resign or be terminated for an incident that took place during his shift" was a "pretext" for *age* discrimination. Instead, each plaintiff has pleaded no more than conclusions and labels, which is not sufficient to survive a Rule 12(b)(6) motion under the *Twom-bal*. *Whitney*, 700 F.3d at 1128; *Gallagher*, 699 F.3d at 1016. Tyson's Motion To Dismiss each plaintiff's Amended Complaint will be granted.

The remaining question is whether I should grant each plaintiff the opportunity to file another amended complaint attempting to plead adequately his or her age discrimination claim. The time to amend "as a matter of course" in the face of Tyson's Motions To Dismiss, which identified numerous inadequacies in each plaintiff's pleadings, has now passed. *See* FED. R. CIV. P. 15(a)(1) (as amended in 2009). Thus, any request to amend now would stand on the footing of a "post-dismissal" request to amend, which is subject to more stringent standards than the "freely given" standard stated in Rule 15(a). That more stringent standard involves "[c]onsiderations [that] include whether the pleader chose to stand on its original pleadings in the face of a motion to dismiss that identified the very deficiency upon which the court dismissed the complaint; reluctance to allow a pleader to change legal theories after a prior dismissal; whether the post-dismissal amendment suffers from the same legal or other deficiencies as the dismissed pleading; and whether the post-dismissal amendment is otherwise futile." *Meighan v. TransGuard Ins. Co. of Am., Inc.*, 978 F. Supp. 2d 974, 982 (N.D. Iowa 2013). The decision to stand on the pleadings here, despite Tyson's challenges, *see id.*—like the failure to seek remand on grounds that would defeat *all* of the bases for removal—is more likely a failure of judgment by counsel than a failure of judgment by the individual plaintiffs. There is also no reason to believe that the plaintiffs *cannot* adequately plead, as opposed to *have not* adequately pleaded, a factual basis for their age discrimination claims. Thus, attempts to amend their pleadings are not necessarily futile nor would any

amendment necessarily have to rely on a change of legal theories. *Id*. Under these circumstances, I conclude that, while dismissal of the plaintiff's present pleadings is appropriate, dismissal without leave to amend would not be appropriate.

THEREFORE,

1. Each plaintiff's July 30, 2014, "Resistance To Defendants [sic] Notice Of Removal," which I construed as a "Motion To Remand To State Court,"[5] is **denied**;

2. Tyson's July 17, 2014, Motion To Dismiss pursuant to Rule 12(b)(6) in each case[6] is **granted**; but

3. Each plaintiff shall have **to and including October 9, 2014, to file another Amended Complaint** attempting to plead adequately his or her federal and state age discrimination claims.

**IT IS SO ORDERED**.

**DATED** this 9th day of September, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

---

[5] The Motion To Remand To State Court is docket no. 5 in each case.

[6] Tyson's Motion To Dismiss is docket no. 4 in each case.